AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 5:19-mj-00040
One Galaxy Note9 Cell Phone Bearing IMEI Number )
356628091157329, Currently Located at the West Virginia State )
Police Turnpike Office in Beckley, WV )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____Southern_____ District of _____West Virginia_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2423(a) | Transporting a Minor with Intent to Engage in Illegal Sexual Conduct |
| 18 U.S.C. 2423(b) | Travel with Intent to Engage in Illicit Sexual Conduct |

The application is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Thomas W. Fleming, RAIC, U.S. Secret Service
*Printed name and title*

by telephonic means.
Sworn to before me ~~and signed in my presence~~.

Date: August 21, 2019

*Judge's signature*

City and state: Bluefield, West Virginia    Omar J. Aboulhosn, United States Magistrate Judge
*Printed name and title*

## **ATTACHMENT A**

The property to be searched is one GALAXY NOTE9 CELL PHONE BEARING IMEI NUMBER 356628091157329, hereinafter the "Device."  The Device is currently located at the West Virginia State Police ("WVSP"), Troop 7, Turnpike office in Beckley, Raleigh County, West Virginia.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of 18 U.S.C. §§ 2423(a),(b), and (e) and involve Michael Reece JOHNSON, Jr. between July 15, 2019 and August 15, 2019, including:

    a. any information relating to the use of any social networking and messaging applications or websites, including but not limited to Facebook Messenger;

    b. any and all information relating to use of or membership in any Facebook group, forum, chat service, or other medium designed to facilitate communication, related to communicating with minors regarding sexual activity, communicating regarding an interest in engaging in sexual activity with minors, and/or obtaining, producing, receiving, distributing, or soliciting images and videos of child pornography;

    c. any and all communications between JOHNSON and any minors or purported minors;

    d. any and all communications between JOHNSON and V1 via any means, including but not limited to text message, SMS message, MMS message, a messaging service within a specific application or website, voicemails, or e-mails;

    e. any and all records of communications between JOHNSON and V1, including but not limited to records of phone calls, voicemails, video chats, or live-streaming communications;

    f. any and all communications between July 15, 2019 and August 15, 2019, between JOHNSON and any other person via text message, SMS message, MMS message,

or a messaging service within a specific application or website, where such communications involve discussions related to meeting the other person for the purpose of engaging in sexual activity;

g. any GPS or location data indicating the location of the Devices at any time on August 14 and 15, 2019;

h. any images or videos depicting V1;

i. any images or videos depicting child pornography as defined in 18 U.S.C. § 2256(8), visual depictions of minors engaged in sexually explicit conduct as defined in 18 U.S.C. § 2256(2), or child erotica;

j. any and all communications regarding obtaining, producing, receiving, distributing, or soliciting images and videos of child pornography.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted

by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the USSS may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In The Matter Of The Search Of One Galaxy Note9 Cell Phone Bearing IMEI Number 356628091157329, Currently Located at the West Virginia State Police Turnpike Office in Beckley, WV | Case No. 5:19-mj-00040 |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE**

I, Thomas W. Fleming, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—electronic devices, as further described in Attachment A—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a duly sworn Special Agent of the United States Secret Service (USSS), having been so employed since March of 1997 and having been in law enforcement since September 1989. My investigative duties focus primarily on conducting criminal investigations involving counterfeiting of United States currency, forgery, bank fraud, false loan applications, wire fraud, credit card fraud, false identification, other financial crime investigations, and protective intelligence/threat investigations. Under 18, USC, 3056 (f), the USSS under the direction of the Secretary of the Department of Homeland Security is authorized at the request of ant State or local law enforcement agency, or the request of the National Center for Missing

and Exploited Children , to provide forensic and investigative assistance in support of any investigation involving missing or exploited children.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The probable cause statement is based upon information of which I am personally aware as well as information that has been conveyed to me by other law enforcement officers.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched is one GALAXY NOTE9 CELL PHONE BEARING IMEI NUMBER 356628091157329, hereinafter the "Device." The Device is currently located at the West Virginia State Police (WVSP), Troop 7, Turnpike office in Beckley, Charleston, WV.

5. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## STATUTES UNDER INVESTIGATION

6. The investigation concerns violations of Title 18, United States Code, Sections 2423(a), (b), and (e) relating to matters involving transporting a minor in interstate commerce for the purpose of engaging in illegal sexual activity and travel in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor.

## PROBABLE CAUSE

7. On or about August 15, 2019, the West Virginia State Police ("WVSP") was dispatched to the Tamarack Travel Plaza ("Travel Plaza"), exit 45, in reference to a missing person and endangered juvenile, who may be at the Travel Plaza. The Travel Plaza is located in Raleigh County, West Virginia. Responding units were advised of a description of the vehicle the juvenile was thought to be occupying, which was a blue Peterbuilt Tractor and Trailer truck.

The tractor and trailer was parked in the first row, closest to the Travel Plaza. Responding officers arrived on-scene and observed a lot of movement in the sleeper area of the tractor and trailer and immediately ordered the driver to exit the sleeper. There was a brief pause before the driver, identified as forty-nine (49) year old Michael R. Johnson Jr., exited the sleeper with his shirt off and shorts. Responding officers observed the female, identified as thirteen (13) year old who will be referred to as V1, inside the sleeper with no shirt or bra on and was attempting to put on her pants. Mr. Johnson exited the truck and stated he met the juvenile on the Facebook platform and he disclosed to him she was having trouble at home. Mr. Johnson stated V1 had performed oral sex on him while in the state of Kentucky; he did not mention anything else occurred sexually between the two of them. Officers observed, in plain view inside the suspect vehicle, an automatic onboard recording device which records driver's hours of service and travel path.

8. On this same date Mr. Johnson and V1 were transported to the Turnpike Detachment of the West Virginia State Police after finding him with V1 (13 years of age) for an interview. Mr. Johnson was subsequently placed under arrest and the WVSP took possession of Mr. Johnson's cellular device, described as a Galaxy Note9 cellular phone bearing IMEI number 356628091157329, incident to that arrest.

9. On this same date, V1 was transported to the Child Advocacy Center in Oak Hill, West Virginia, where she was interviewed by forensic interviewer Tim Vickers. During this interview V1 disclosed she and Mr. Johnson left from Kentucky in his tractor and trailer. V1 stated while present in Kentucky and West Virginia, she and Mr. Johnson engaged in sexual relations on multiple occasions. V1was transported to Woman's and Children's Hospital in Charleston, West Virginia for a sex crime kit.

10. On this same date, Mr. Johnson was interviewed by members of the Turnpike Detachment of the West Virginia State Police and a Homeland Security Investigations Special Agent. During this interview, Mr. Johnson disclosed he began speaking to V1 on the Facebook messenger app. Furthermore, he originally thought she was nineteen (19) years old and V1 disclosed to him she was being sexually assaulted at the residence where she was residing. Mr. Johnson stated he picked up V1 on August 14, 2019 at 6:30 a.m. at the end of the road where V1 resided in Shepherdstown, Kentucky. Mr. Johnson stated they stopped on two (2) occasions and engaged in sexual relations. Mr. Johnson stated they stopped at the Travel Plaza in Beckley, West Virginia on August 15, 2019 because he had a flat tire. Mr. Johnson stated he and the V1 engaged in numerous sex acts while present at the Travel Plaza. Mr. Johnson stated he performed oral sex on V1, he inserted his fingers into V1's vagina, and he inserted his finger into V1's anus. Mr. Johnson stated when V1 got undressed, she appeared to be younger than nineteen (19) years of age. Mr. Johnson stated he guessed V1 to look closer to fifteen (15) or sixteen (16) years of age. Mr. Johnson stated V1 sent him multiple sexually explicit images of herself to his cellular phone. Mr. Johnson stated that he first contacted her while in California, then Colorado, while en-route with a load to Virginia. The entire statement of Mr. Johnson is not listed; however the entire statement was audio recorded and is available at the Court's request.

11. On August 16, 2019, a service truck driver who repaired a flat tire on Johnson's truck was interviewed as to whether he observed V1 with Johnson. The service truck driver stated that he comment to Johnson if V1 was his daughter. Mr. Johnson purportedly commented that V1 was his daughter. The service truck driver opined that V1 looked between 10 and 16 years of age.

12. The Device is currently in the lawful possession of the West Virginia State Police ("WVSP"), Troop 7, Turnpike office in Beckley, Raleigh County, West Virginia. The Device came into the WVSP possession in the following way: seized incident to the August 15, 2019, investigative detention and arrest of Michael Reece JOHNSON, Jr. Therefore, while the WVSP and USSS might already have all necessary authority to examine the Device, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Devices will comply with the Fourth Amendment and other applicable laws.

13. The Device is currently in storage at the West Virginia State Police ("WVSP"), Troop 7, Turnpike office in Beckley, Raleigh County, West Virginia. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the WVSP, who stored the phone in "airplane mode".

## TECHNICAL TERMS

14. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing

5

names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

c. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international

borders, even when the devices communicating with each other are in the same state.

d. Computer: As defined in 18 U.S.C.§ 1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

15. Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as media through which the social networking application used to facilitate the conversation between the Minor Victim and Michael Reece JOHNSON, Jr, as the application can be used both via the application on a cellular phone or via the website from a computer. Cellular phones also frequently can serve as a GPS navigation system. Cell phones can also serve as electronic media storage devices capable of storing digital files, including but not limited to video and image files. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

16. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

17. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct

7

evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords.

   b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual

information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

f. I know that when an individual uses an electronic device to communicate with a minor in order to arrange to meet the minor for purposes of sexual activity, the individual's electronic device will generally serve both as an instrumentality for committing the crime and also as a storage medium for evidence of the crime. The electronic device is an instrumentality of the crime because it is used as a means of committing the criminal offense. The electronic device is also likely to be a storage medium for evidence of crime. From my training and experience, I believe that an electronic device used to commit a crime of this type may contain: data that is evidence of how the electronic device was used; data that was sent or received; and other records that indicate the nature of the offense.

18. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

19. *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve

the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

20. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B. The examination may provide additional evidence regarding the travel of JOHNSON and V1 in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor.

Respectfully submitted,

Thomas W. Fleming
Resident Agent in Charge
United States Secret Service

Subscribed and affirmed by telephonic means this 21st day of August, 2019:

Omar J. Aboulhosn
United States Magistrate Judge